F1cgvic

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

GUALBERTO VICTORIO, PASCUAL
ROJAS, DANY CERNA, FRANCISCO
CORTEZ, JUAN SALAS, RODRIGO
GARCIA, LAZARO ROMANO,
IDELFONSO GIL RODRIGUEZ, KEITH
QUINONEZ and SELVIN MENDEZ
VELIZ, and other similarly
situated current and former
bussers, food runners, prep
cooks and dishwashers employed
by Defendants,
                                        PRELIMINARY INJUNCTION ORDER
             Plaintiffs,                ON CONSENT

             v.                         14 CV 8678(CM)(AJP)

SAMMY'S FISHBOX REALTY, CO.,
LLC, BRIDGE STREET RESTAURANT
CORP., CITY ISLAND SEAFOOD CO.
INC., FISHBOX RESTAURANT
CORPORATION, SEA SHORE
RESTAURANT CORP., LOBSTER
HOUSE REALTY CO. LLC, CRAB
SHANTY REALTY CO., LLC and
SAMUEL CHERNIN and JOHN
ARMINIO individually,

             Defendants.
------------------------------x
                                        New York, N.Y.
                                        January 12, 2015
                                        9:40 a.m.

Before:

                HON. ANDREW J. PECK,

                                        Magistrate Judge
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

F1cgvic

APPEARANCES

VINCENT BAUER
     Attorney for Plaintiffs Gualberto Victorio, et al.
     -and-
JACOB ARONAUER
     Attorney for Plaintiffs

MILMAN LABUDA LAW GROUP, PLLC
     Attorneys for Defendants Sammy's Fishbox Realty, et al.
JOSEPH M. LABUDA
EMANUEL KATAEV

ALSO PRESENT:   CARLOS CRUZ, Spanish Interpreter
                SAMUEL CHERNIN, Defendant
                JOHN ARMINIO, Defendant

F1cgvic

1              (In open court)
2              THE COURT:  We are on the record to record the
3     agreed-upon preliminary injunction that the parties have agreed
4     to following Judge McMahon's decision of December 12, 2014,
5     docket number 34, and the Court's preliminary injunction
6     hearing today.
7              The parties have agreed and the Court hereby enjoins
8     defendants with respect to the Sea Shore Restaurant and the
9     Sammy's Fishbox Restaurant as follows:
10             Defendants shall not engage in any retaliatory conduct
11    or in any way retaliate against any plaintiff or potential
12    plaintiff because of their status as a plaintiff or someone
13    considering being a plaintiff in this lawsuit.
14             Specifically, and without limitation, defendants agree
15    that they will not disproportionately reduce the number and
16    length of shifts of the plaintiffs, that is, the scheduled
17    shifts, as compared to nonplaintiff employees and based on
18    prior schedules for the appropriate time of year that the
19    plaintiffs individually have had in the past.
20             Defendants are further enjoined from in any way
21    communicating, directly or indirectly, orally or in writing or
22    in any other way to any employees about this lawsuit except as
23    provided for with respect to the curative notice.
24             Defendants shall promptly post in the employee locker
25    room in a prominent place in both restaurants, the Sea Shore

1  Restaurant and Sammy's Fishbox Restaurant, a curative notice to
2  be drafted collectively by counsel for plaintiffs and
3  defendants that shall provide that the employees are informed
4  that retaliation against any employee for joining the lawsuit
5  or staying in the lawsuit or anything else in connection with
6  this lawsuit is strictly prohibited and that defendants will
7  not in any way retaliate against such employees.
8      That notice will further provide that the new
9  arbitration agreement in the December 2014 employee handbook
10 and arbitration agreement does not apply to this lawsuit;
11 including, it does not apply to employees who joined this
12 lawsuit subsequent to their signing that arbitration agreement.
13 In other words, whether they have signed the December 2014
14 arbitration agreement before becoming a plaintiff or after, it
15 will have no application to this lawsuit.
16     As an aside, but this will not be in the notice, the
17 issue about the prior 2008 previous arbitration agreements that
18 is the subject of the motion to dismiss is not affected by this
19 curative notice, so that's just to protect the defendants'
20 rights.
21     The curative notice will further provide that in the
22 event an employee has any issue or concern about the notice or
23 the issues in the notice, they can contact plaintiffs' counsel.
24 And the name of the lawyers, the firm, address, phone number,
25 email address and fax number shall be provided on that curative

posting.

The parties agree that this preliminary injunction may be entered and that it will remain in effect unless modified by the Court pending the final conclusion of this lawsuit.

(Discussion off the record)

THE COURT: I may have misstated the name of the second restaurant. It is Sammy's Fishbox Restaurant, and the preliminary injunction should be understood as applying to that restaurant, as well as the Sea Shore Restaurant.

I direct both sides' counsel to promptly purchase the transcript at least of the separate transcript for the preliminary injunction. That is the form that the injunction will be filed with the Court in. It is obviously something that the defendants and their high-level personnel who are sitting here have heard, but it should be promptly communicated to any other managers or other personnel of the two restaurants who need to be so informed.

As to the curative notice, which counsel wants to take a first draft? And then I want to set a deadline for that and a deadline for its being submitted to the Court either as an approved notice or with counterpart notices, a plaintiff version and a defense version.

Mr. Bauer.

MR. BAUER: We can have one ready by tomorrow.

THE COURT: Can you have whatever further discussions

1    you need and have it to the Court by Thursday morning?
2            MR. LABUDA:  How about Friday, your Honor?
3            THE COURT:  Friday at 10:00 a.m.
4            In the event you have a disagreement on particular
5    language rather than two conflicting notices where I've got to
6    do, in essence, a red-line compare, can you have it with
7    bracketed language, this is plaintiffs' version of this
8    sentence, this is defendants' version and submit it in that
9    form, unless you're submitting notices that are so wildly and
10   widely apart that that makes no sense.
11           Now, where are you with Judge McMahon in terms of a
12   scheduling order for discovery?  Has one been entered yet?
13           MR. LABUDA:  No, I don't think so.  We have
14   cross-motions going on right now, your Honor.  We have a motion
15   to dismiss.  I think that's going to be fully briefed by
16   February 3.  And the plaintiffs have a cross-motion -- or have
17   their own motion for a collective action, which is I think due
18   on the same date.
19           MR. BAUER:  Right, the same schedule.
20           THE COURT:  I guess my question is, since the motion
21   to dismiss is not that this case would be over but that it
22   would be in arbitration where there is still discovery, is
23   there any reason that at least document discovery, if not all
24   discovery, should not go forward while those motions are being
25   briefed and considered?

F1cgvic

1           MR. LABUDA:  I don't think there's a reason for the
2    document discovery.  I take that back.  As I sit here today,
3    I'm not sure exactly what the parameters are of the
4    arbitration.
5           THE COURT:  Remind me even though we have just looked
6    at the documents, is it AAA?
7           MR. LABUDA:  I think it's AAA.
8           THE COURT:  AAA allows discovery.  That's easy.
9           MR. BAUER:  Perhaps, your Honor, a suggestion:  We can
10   set a date for the service of Rule 26 initial disclosures.
11          THE COURT:  Let's start with that.  How soon can you
12   both do that?
13          MR. LABUDA:  I can do that by Monday, that's fine.
14          THE COURT:  By the 19th?
15          MR. BAUER:  Okay.
16          THE COURT:  Is there any reason that you can't start
17   document discovery?  And by that, I guess, I mean Rule 33 and
18   Rule 34 requests for the existent plaintiffs simultaneously
19   with.  That; and, therefore, we would have completion of that
20   discovery by, let's say, March 6.
21          MR. BAUER:  I'm sorry.  We're going to have the
22   initial document requests and we'll have you go out on the same
23   schedule as the 26 disclosures?
24          THE COURT:  Yes.
25          MR. BAUER:  Okay.

F1cgvic

1           THE COURT:  Which means the response would be
2    February 19, give or take.
3           MR. LABUDA:  I misunderstood your Honor just in terms
4    of the initial disclosures.  So we're going to piggyback that
5    with the document request and probably just ask for one more
6    week because we're a bit jammed up.
7           THE COURT:  Rule 26(a) disclosures by the 19th; that
8    way you can look at each other's disclosures.  And document
9    requests and interrogatories to be served by no later than
10   January 26.  Let's set March 16 as the cutoff for that, and
11   either Judge McMahon or I will deal with depositions thereafter
12   if the case is still here.
13          MR. LABUDA:  Are we just limited to document demands
14   at this juncture?  This is a AAA.
15          THE COURT:  Interrogatories are useless in any event.
16          MR. LABUDA:  I understand.  It's almost meaningless.
17          THE COURT:  I know, but if somebody has a legitimate
18   interrogatory, which could be things like how many hours did
19   the plaintiffs work or things like that, which will either be
20   responded to by documents, I'm not foreclosing it.  I don't
21   care if you use it or not.  As I say, most of the time,
22   interrogatories are useless, but I don't want you to not do it
23   now and then suddenly in March say, oh, now, I want to do
24   interrogatories because the case is still here and then we
25   can't do motions until 45 days after that to give people time

Case 1:14-cv-08678-CM   Document 65   Filed 01/23/15   Page 9 of 11        9
F1cgvic

1    to answer the interrogatories.  So if you're going to do it, do
2    it; if you're not, don't do it.  I don't care.
3             MR. LABUDA:  Okay.
4             THE COURT:  So, what we used to call paper discovery,
5    meaning Rule 33 and Rule 34, even though we're now in the
6    electronic age, is to be done so it's completed by March 16.
7             I also strongly suggest you all to start talking
8    settlement.  And if you want the Court's help, let me know,
9    whether in referring you to the Southern District mediation
10   program, whether it's a conference with me or some other
11   judicial officer or whether you all do it on your own and/or
12   decide to spend some money and go out to JAMS, NAM, etc., all
13   of the usual providers.
14            The other question, I'm just going to put it out there
15   and then leave you to talk about it amongst counsel:  It
16   appeared from the testimony of Mr. Arminio that the
17   requirements of the federal rules on litigation may not have
18   been appropriately communicated to the managerial employees of
19   the defendants.
20            If you want to tell me anything about that now, you
21   can, that it went to somebody else, not Mr. Arminio.  I'm not
22   trying to do anything about it now, other than to say if it
23   hasn't been done and done the way the rules require, cure the
24   problem sooner rather than later so it doesn't become a
25   spoliation problem.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

F1cgvic

1           MR. LABUDA:  Understood.

2           THE COURT:  I leave it up to you whether you're going
3   to buy the hearing transcript or not, but I'm certainly
4   requiring both sides -- I've already told the reporter to do
5   the preliminary injunction order transcript  and the further
6   discussion we have had on scheduling, but I'm requiring you all
7   to order that.

8           I guess the final thing is, we have focused today
9   entirely on the injunction-related issue.  I have no opinion at
10  this point about the merits of the case on either side, and it
11  is my practice at first conferences to remind the parties that
12  pursuant to 28 U.S.C. Section 636(c), if the parties wish to
13  consent to have the case come over to my docket for the motions
14  and/or the eventual trial, if there is going to be a case
15  staying here, which there may or may not be, it requires
16  unanimous consent.  If one of you jumps up now and says I
17  consent and the other doesn't consent, then there is no
18  consent.  No one gets brownie points or demerits, regardless of
19  how you decide.

20           If you talk to your clients and talk to each other and
21  you want the case to come over to my docket for either of the
22  motions and/or for the entire case, you can sign the form.
23  There are copies of both a limited consent form, which is
24  useful for motions, or the full consent form on the Court's
25  website under my rules and, indeed, under each of the

F1cgvic

1  magistrate judge's rules.
2           Any questions?
3           MR. BAUER:  No, your Honor.
4           MR. LABUDA:  No, your Honor.
5           THE COURT:  Thank you for working out the language of
6  the injunction.  It would have been nice if we did it at 9:30
7  this morning instead of 5:00 at night, but so be it.
8           With that, we are adjourned.
9           MR. BAUER:  Thank you.
10          MR. LABUDA:  Thank you.
11          (Adjourned)
12
13
14
15
16
17
18
19
20
21
22
23
24
25