UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

VICTORIO, et al.,

    Plaintiffs,

  -against-

SAMMY'S FISHBOX, et al.,

    Defendants.

------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/10/15
```

14 Civ. 8678 (CM)(AJP)

## ORDER

McMahon, J.:

I have received a letter from counsel for the defendant. Herewith answers to his requests:

1. I will adjourn the hearing to April 1-2. The parties MUST be available both days. I am doing this for the convenience of the defendant Chernin; there are no other days available on my calendar, so if he wishes to testify he must be present. I will not adjourn the hearing to any other date, and it will continue on April 2 if it is not concluded on April 1. Counsel should arrange for coverage on other matters.

2. The requests for discovery are all denied. The discovery requests are overbroad, burdensome and irrelevant. Defendants' counsel has no need to see any contracts that the witnesses may have signed; on cross, counsel may ask the witnesses whether they have signed agreements of the nature listed and if so, whether and how they learned the terms of the agreements they were signing. Requests for Plaintiffs' EZ Pass statement, credit reports, and text message or emails are not only irrelevant, they are offensive. This court does not countenance abusive or intimidating litigation tactics and I have no hesitation about sanctioning anyone – *anyone* – who engages in them. No authorizations need be provided; this is not a case in which medical damages are asserted.

3. As for experts: the plaintiffs who assert that the handwriting is not theirs have the burden of proving that their signatures were forged. If they choose to do so via expert testimony, all that will be required for the purpose of this hearing is that plaintiffs' counsel disclose (i) the fact that he has an expert who will testify that the signatures

were forged, and (ii) the name and CV of the expert who will so testify. No formal report is required to be prepared or disclosed. The ordered disclosure must be made no later than the end of next week (March 20). This means Plaintiffs' counsel must decide this week if he is going to retain an expert to testify on the issue of forgery, or simply rely on the testimony of the Plaintiffs themselves and handwriting exemplars. If the forgery claim is being pursued, Plaintiffs' counsel must also provide handwriting exemplars – ten signatures – to defendants' counsel by next Monday, March 16, 2015, so that Defendants can retain their own expert to opine on the authenticity of the signatures on the relevant employment documents. If Defendant's counsel elects to use an expert at the hearing, then he must disclose to Plaintiffs' counsel no later than March 27, 2015 (i) the fact that he has an expert who will testify that the signatures were not forged, and (ii) the name and CV of the expert who will so testify. No formal report need be prepared or disclosed.

This constitutes the order of the court.

Dated: March 10, 2015

U.S.D.J.

BY ECF TO ALL COUNSEL